■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE SIMPSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered March 14, 1985, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in granting the People's request to close the courtroom during the testimony of their key witness. The court held a hearing on the application at which the witness testified that he feared that his testimony in open court would endanger his life. The witness explained that his fear was based on the fact that within weeks after he had participated in a robbery of the drug operation of the codefendant Daniel Staley, the witness's four accomplices, including the victim of the instant murder, were either dead or comatose from gunshot wounds and that he has since been threatened by friends and family of that codefendant. This inquiry of the witness was "careful enough to assure the court that the defendant's right to a public trial [was] not being sacrificed for less than compelling reasons" *(People v Jones,* 47 NY2d 409, 414-415, *cert denied* 444 US 946).

Nor is there any merit to the defendant's claim that the trial court unduly restricted his cross-examination of the witness. The record reveals that defense counsel for the defendant and his two codefendants were given wide latitude in their questioning of the witness concerning his credibility, character and, in particular, his criminal background. The cross-examination of this one witness comprised the bulk of the trial testimony *(see, People v Allen,* 50 NY2d 898).

We have examined the remaining contentions advanced by

the defendant and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.